**In re George J. SOLIS, Debtor.**

**George J. SOLIS, Plaintiff,**

**v.**

**FIDELITY CONSUMER DISCOUNT CO., Defendant.**

**Bankruptcy No. 82–05416G.**
**Adv. No. 83–0744G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 6, 1984.

Bruce Fox, Community Legal Services, Inc., Law Center Northeast, Philadelphia, Pa., for plaintiff/debtor, George J. Solis.

Lawrence T. Phelan, Frank Federman, Philadelphia, Pa., for defendant, Fidelity Consumer Discount Co.

Jonathan H. Ganz, Pincus, Verlin, Hahn, Reich & Goldstein, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In the case at bench both parties have moved for summary judgment on the debtor's complaint in which he seeks rescission of a loan contract and statutory damages for the defendant's alleged violations of the Truth in Lending Act ("the TILA"), 15 U.S.C. §§ 1601–1667e.[1] For the reasons stated herein we will grant the defendant's motion for summary judgment but deny the motion made by the debtor.

The undisputed facts of this case are as follows:[2] The debtor and his wife

---

1. Amendments to the TILA were made in 1980 and became effective on October 1, 1982, which is after the loan at issue was made. Truth in Lending Simplification and Reform Act, Pub.L. 96–221, 94 Stat. 168 (1980). Since the parties are in apparent agreement that the 1980 amendments do not apply to this case, we will hereafter refer to the statute and accompanying regulations as they stood prior to the passage of these amendments.

2. Under Fed.R.Civ.P. 56 summary judgment can be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The U.S. Court of Appeals for the Third Circuit has characterized summary judgment as "a drastic remedy," and has stated "that courts are to resolve any doubts as to the existence of genuine issues of fact

negotiated with Kutner Buick, Inc. ("Kutner") for the credit purchase of an automobile in May of 1980. On the debtor's selection of an automobile, Kutner gave him possession of it in exchange for a downpayment of $500.00 although financing of the $2,759.00 balance of the loan had not been arranged. Shortly thereafter Kutner contacted the debtor and directed him to Fidelity Consumer Discount Co. ("Fidelity") which granted him a loan on May 21, 1980, to purchase the vehicle in exchange for a security interest in the debtor's house, his household goods and the home of his mother-in-law. Fidelity also holds a lien on the automobile in question, which lien was perfected at about the time of the purchase, although the manner in which the encumbrance arose is in dispute.

The TILA is a federal statute which regulates the terms and conditions of consumer credit. Its congressionally declared purpose is to assure the informed use of credit through a meaningful disclosure of credit terms so that consumers can more readily compare different financing options and costs. 15 U.S.C. § 1601. For all loans which fall within its purview the TILA requires the creditor to issue the debtor a disclosure statement summarizing certain information found in the loan documents. The information which must be disclosed is defined in the TILA and Regulation Z, 12 C.F.R. § 226.1, *et seq.*

The debtor alleges four violations of the TILA, the first of which is that "the credit sales disclosures required by 15 U.S.C. § 1638 and 12 C.F.R. § 226.8(c) were not given." To resolve this issue we must initially determine if the financing arrangement was a consumer loan rather than a consumer credit sale since the TILA required different disclosures for each. The disclosures under 15 U.S.C. § 1639 were required if the creditor was "making a consumer loan or otherwise extending consumer credit in a transaction which [was] neither a consumer credit sale nor under an open end consumer credit plan...." § 1639(a). If the transaction was a "consumer credit sale not under an open end credit plan" the creditor was obligated to comply with the disclosure requirements of § 1638. § 1638(a). A credit sale was defined at § 1602(g) as follows:

(g) The term "credit sale" refers to any sale with respect to which credit is extended or arranged by the seller. The term includes any contract in the form of a bailment or lease if the bailee or lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property and services involved and it is agreed that the bailee or lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract.

The debtor contends that Kutner "arranged" the loan as that term is defined at 12 C.F.R. § 226.2(h) (1979):

(h) "Arrange for the extention of credit or for lease of personal property" means to provide or offer to provide consumer credit or a lease which is or will be extended by another person under a business or other relationship pursuant to which the person arranging such credit or lease

(1) Receives or will receive a fee, compensation, or other consideration for such service, or

(2) Has knowledge of the credit or lease terms and participates in the preparation of the contract documents

---

against the moving parties." *Hollinger v. Wagner Mining Equipment Co.*, 667 F.2d 402, 405 (3d Cir.1981). "Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion." *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976), *cert.*

*den.*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). Nonetheless, in opposing a motion for summary judgment "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

required in connection with the extension of credit or the lease. *. * *

The undisputed evidence indicates that Kutner received no consideration for directing the debtor to Fidelity within the meaning of § 226.2(h)(1). Nonetheless the debtor asserts that Kutner received consideration in referring the debtor to Fidelity since Kutner would not have been able to sell the car without financing by some third party. In interpreting § 226.2(h)(1) pursuant to the authority vested in it by 15 U.S.C. § 1604, the Board of Governors of the Federal Reserve System, has stated that in the absence of any tangible benefit beyond the receipt of the cash price of an item, the seller is not an arranger of credit.[3] Although this construction is not binding on this court, it is entitled to great weight since it represents the experienced and informed judgment of an agency vested by Congress with supervisory authority over this statute. *Mourning v. Family Publications Service, Inc.*, 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980). Consequently, the transaction at issue is not a credit sale unless Kutner had knowledge of the credit terms and participated in the preparation of the contract documents as required by § 226.2(h)(2). The debtor asserts that the requirements of this provision have been met by alleging that Kutner supplied Fidelity with facts about the automobile, its price, and the debtor's financial standing. We find that this alone is insufficient since the uncontroverted evidence of record indicates that Kutner did not know the term of the loan or the rate of interest, both of which are needed for one to have "knowledge of the ... terms" of the loan contract as required by § 226.2(h)(2). Consequently, Kutner was not an arranger of credit and thus was not obligated to comply with the disclosure requirements of § 1638 or with § 226.8(c) which also dealt exclusively with credit sales.

The second basis alleged for relief stated in the debtor's complaint is that Fidelity failed to disclose that Kutner was a creditor. The debtor relies on 12 C.F.R. § 226.-2(s) (1979), which states that a creditor includes an entity that "arranges for the extension of consumer credit." The debtor predicates his argument on the above discussed theory that Kutner was an "arranger of credit" within the meaning of § 226.2(h). Since we have held that Kutner was not an arranger of credit, we find the debtor's second basis for relief to be without merit.

■ The third ground asserted for relief is that Fidelity failed to disclose that it would ultimately hold a security interest in the automobile. Although it is undisputed that Fidelity holds a security interest which was not disclosed, there is a question about how this lien arose. The debtor has pointed to no evidence that controverts Fidelity's affidavit which indicates that, although the certificate of title to the automobile lists Fidelity as the lienholder, Kutner erroneously obtained the security interest without Fidelity's request. Thus, although the documents failed to disclose the lien, Fidelity did not *cause* them to be in error. Since the element of causation is absent, the debtor has failed to state a cause of action upon which relief can be granted. This situation must be distinguished from the exception found at 15 U.S.C. § 1640(c) which precludes liability under 15 U.S.C. §§ 1635 and 1640 for violations of the TILA if the violation was "not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." Section 1640 only obviates liability where the creditor *caused* the harm but lacked sufficient culpability under the circumstances set forth in that section.

The debtor's fourth basis for relief is predicated on his allegation that Fidelity failed to disclose the referral fee paid by Fidelity to Kutner. Since Fidelity has sub-

---

**3.** Federal Reserve Board Official Staff Interpretation [1974–76 Transfer Binder] *Consumer*   *Credit Guide* (CCH) ¶ 31,460 (Sept. 30, 1976).

mitted to the court an affidavit which indicates that no such fee was paid, while the debtor has failed to introduce any contradictory evidence, summary judgment will be entered on Fidelity's behalf on this basis for relief as well as on the other three.